UNITED SATES OF AMERICA
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ASHLEY MARIE SALAS, INDIVIDUALLY §<br>§<br>PLAINTIFF §<br>§<br>VS. §<br>§<br>§<br>BEXAR COUNTY SHERIFF'S §<br>OFFICE, MATTHEW CRUMP §<br>DEFENDANTS §<br>§ | CIVIL ACTION NO: _____<br>JURY TRIAL DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT COURT:**

NOW COMES Plaintiff **ASHLEY SALAS** hereinafter ("Plaintiff" or "Ms. Salas"), by and through her attorneys, and hereby files this Complaint against Defendants **OFFICER MATTHEW CRUMP** (hereinafter "**OFFICER**" OR "**OFFICER CRUMP**") and **BEXAR COUNTY SHERIFF'S OFFICE** (hereinafter "**BCSO**") for this cause of action and would respectfully show unto the Court the following:

### I.   PARTIES

1.1   Plaintiff is an individual and resident of Bexar County, Texas.

1.2   Defendant **BEXAR COUNTY SHERIFF'S OFFICE** is a located in Bexar County, Texas, and may be served with citation at 200 North Comal Street, San Antonio, Texas 78207 or where found.

1.3   Defendant, **OFFICER MATT CRUMP** is a deputy sheriff with the Bexar County Sheriff's Office, against whom this action is brought in his individual capacity.

Defendant may be served at his place of employment the Bexar County Sheriff's Office at 200 North Comal Street, San Antonio, Texas 78207 or where found.

## II.   SUBJECT MATTER JURISDICTION, PERSONAL JURISDICTION AND VENUE

**2.1**   The subject matter in controversy and damages sought are within the jurisdictional limits of this Court pursuant to 28 USC 1331.

**2.2**   This Court has jurisdiction over this suit under 42 U.S.C. §1983 and supplemental jurisdiction over the state law claims contained therein, as they are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

**2.3**   Venue is appropriate in the Western District of Texas pursuant to 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claim occurred in Bexar County, Texas, which is in the San Antonio Division of the Western District of Texas.

## III.   FACTS

**3.1**   This complaint stems from the wrongful arrest, and excessive use of force in the arrest, of the Plaintiff, Ashley Salas that occurred on June 20, 2023.

**3.2**   Plaintiff Ashley Marie Salas was a victim of a motor vehicle wreck that occurred on September 11 2019 at around 8:40 a.m., in Karnes County. Her claims arising from that wreck were litigated in Karnes County District Court and has just settled.

**3.3** In that wreck, she was cited for 'Operating Motor Vehicle Without Financial Responsibility'.[1]

```
Texas Department of Public Safety
THP6
(r153) TX5JTA0XJCTY
Date: September 11, 2019  10:55 am
DL/ID# TX - 24432865
  Violator: SALAS, ASHLEY MARIE
  Res  2201 MIDWAY DRIVE                     Phone:
  Addr: BEEVILLE, TX 78102
  Race/Sex: HF    Height: 506    DOB: 10/26/1987
VIN: 2FMDK3GCXCBA62856
Veh LP: TX - LKJ3655  Make: FORD        Model: EDG
  Passengers: ☐    Year: 2012            Color: WHI
  HazMat Plac: ☐   Type: SUV
  Constr. Zone: ☑  Route: 0181     County: KARNES
  Workers Present: ☑ MilePost: 568  Weather: CLEAR/CLOUDY
  Location:                              Traffic: MEDIUM
  US-0181 MP-568 in KARNES CO. (28.8612770, -97.8930900)

REASON FOR STOP: Pre-existing Knowledge
VEHICLE SEARCH       ☐
CONTRABAND FOUND? ☐   DRUGS ☐        WEAPONS ☐    CURRENCY ☐
                      ALCOHOL ☐  STOLEN PROPERTY ☐   OTHER ☐

Alleged:   Speed Limit:   Crash:   ☑ Radar Cal.:
VIOLATIONS
1. OPERATE MOTOR VEHICLE W/O FINANCIAL RESPONSIBILITY
(TXTRC 601.195(A))
Financial Responsibility Unverifiable

WARNINGS - NO PENALTY ASSESSED FOR THE FOLLOWING OFFENSES
1. CHANGE LANE WHEN UNSAFE (TXTRC 545.060(A)(2))

You are hereby notified to appear before:
Judge: Hon. Caroline L. Korzekwa in Karnes Co.
Court: JP      Pct & Place: 20   Phone: (830)254-3226
      P. O. BOX 328, FALLS CITY 78113
On or before: November 1, 2019  10:00AM
Issued by: 11175 - BAILEY, S. Region: 6 District: C Area:17

I hereby promise to appear at the time and place designated in this notice:
SIGNATURE
               MAiled
```

**3.4** Plaintiff Ashley Salas furnished a cash bond equal to double the amount of the fine in the sum of $700, on December 11, 2019.[2]

---

[1] See attached Exhibit 1 attached hereto and made a part of
[2] See Exhibit 2 attached hereto and made a part of

3

SALAS, ASHLEY – PLAINTIFF'S ORIGINAL COMPLAINT- JFD/SG

[Image of a handwritten-filled "CASH APPEAL BOND" form from the State of Texas, Justice Court Precinct No. Two, Karnes County, Texas, No. 56956, naming defendant Ashley M. Salas, dated December 11, 2019, with address 2201 Midway Dr., Beeville, TX 78102, signed by Ash Salas, phone 830-484-7039, sworn before Notary Public Laura Rodriguez on Dec 20, 2019.]

**3.5**   The arrest that forms the basis of this suit occurred on June 20, 2023.

**3.6**   On June 20, 2023, Ms. Salas got back home from work at around 1:00 p.m, when she saw that an Officer with the Bexar County Sheriff's Office was at her house.

**3.7**   While they were on Plaintiff's property, the Officer requested and obtained Ms. Salas' identification information and without probable cause called in her information to the Bexar County dispatcher to check for outstanding warrants.

**3.8**   The officer then came back and advised Ms. Salas that she had a warrant from another county for her arrest.

**3.9**   Ms. Salas advised the Officer that she was represented by an attorney and the ticketing issue originating from Karnes County was taken care of and stood resolved.

**3.10**   Ms. Salas tried to contact her attorney when the Officer put his hand on his gun and threatened her that he will get her with more charges.

**3.11**   In the interim, one of the staff from Ms. Salas' attorney's office managed to reach Ms. Salas' residence and asked the officer for the warrant.

**3.12**   The Officer responded that the warrant was 'verified' and that he was going to arrest Ms. Salas.

**3.13**   The staff inquired about Ms. Salas's kids and the Officer nonchalantly replied that he would handle the kids.  When Ms. Salas' colleague insisted on knowing the whereabouts of Ms. Salas' children, the Officer threatened that he would arrest her as well.

**3.14**   The officer aggressively grabbed Ms. Salas' wrist and put her arms behind her and placed cuffs on her causes her pain an injury.

**3.15**   The officer did not read Ms. Salas her rights.

**3.16**   The Officer pulled Ms. Salas phone away from her.

**3.17**   Plaintiff was forcefully placed under arrest, handcuffed, and taken into custody. Plaintiff was taken to the magistrate jail in Bexar County.

**3.18**   Plaintiff was taken to the Bexar County Jail around 1:00 pm where she was held in custody until about 6:00 pm where at that time she appeared before a magistrate judge.

**3.19**   After appearing before the magistrate and the magistrate reviewing the case at bar, later, she was released.  The Bexar County Sheriff's Officer releasing the Plaintiff told the Plaintiff "They didn't know why she was here". "I don't know why

you were arrested for a class C misdemeanor." The officer also stated, "I don't know why you were arrested for a Class C misdemeanor; we don't arrest people for those types of charges and bring them down here."

**3.20** The Bexar County Sheriff's Office staff apologized to Plaintiff and gave her a ride from the jail to her home.

## IV. CAUSES OF ACTION
### COUNT ONE
**CLAIMS UNDER 42 U.S.C. § 1983 AND THE FOURTH AMENDMENT TO THE U.S. CONSTITUTION AGAINST DEFENDANT OFFICER CRUMP IN HIS INDIVIDUAL CAPACITY.**

**4.1** Plaintiff repeats and realleges each and every allegation contained in above referenced paragraphs as though fully delineated below with respect to each cause of action.

**4.2** Defendant **OFFICER CRUMP**, acting under color of law, deprived Ms. Salas of the rights and privileges secured her by the Fourth Amendments to the United States Constitution to be free from illegal and unreasonable seizures by the use of force and illegal and unreasonable searches.

**4.3** Accordingly, Ms. Salas commences this action pursuant to 42 U.S.C. § 1983.

**4.4** Defendant **OFFICER CRUMP** willfully breached the duty of care and without any probable cause obtained Ms. Salas' information and ran a warrant check with the Bexar County dispatcher. Base on that unlawful search the Officer arrested Ms. Salas without probable cause and falsely imprisoned her.

**4.5** As a result of the arrest the Officer did not read her rights to Ms. Salas.

**4.6** Ms. Salas suffered pain and bruising because of Officer Crump's excessive force during the arrest.

**4.7** "In order to present a successful claim of excessive force under § 1983, the plaintiff must show (1) an injury; (2) that resulted directly and only from a use of force that was excessive to the need of force; and (3) that the use of force was unreasonable under the circumstances."[3]

**4.8** **MS. SALAS** was injured in her contact with Defendant **OFFICER CRUMP**. Her injuries were caused by Defendant **OFFICER CRUMP** unreasonable use of force. As the Fifth Circuit has opined, "the eggshell skull rule is applicable in 42 U.S.C. § 1983 cases," recognizing that "a tortfeasor [ — here, Defendant **OFFICER CRUMP** —] takes his victim as he finds [her]."[4]

**4.9** Ms. Salas's injuries resulted directly and only from a use of force that was not only excessive, but entirely unreasonable and unnecessary, as Ms. Salas did not pose a threat to the Bexar County officers or the general public. More specifically, Defendants did not file any criminal charges against Plaintiff and therefore had no reason to believe Plaintiff was a threat to the public or other officers at the time they used force on her.

---

[3] *Sullivan v. Allred,* 297 Fed. Appx. 339, 342 (5th Cir. 2008) (citing *Ramirez v. Knoulton,* 542 F.3d 124, 128 (5th Cir. 2008), *Bush v. Strain,* 513 F.3d 492, 501 (5th Cir. 2008), and *Freeman v. Gore,* 483 F.3d 404, 416 (5th Cir.2007) (citing *Tarver v. City of Edna,* 410 F.3d 745, 751 (5th Cir. 2005)).

[4] *Darden v. City of Fort Worth, Texas,* 880 F.3d 722, 731 (5th Cir.), *cert. denied sub nom. City of Fort Worth, Tex. v. Darden,* 139 S. Ct. 69, 202 L.Ed. 2d 23 (2018). (citing *Dunn v. Denk*, 54 F.3d 248, 251 (5th Cir. 1995), *rev'd on other grounds* 79 F.3d 401 (5th Cir. 1996) (en banc); *see also Koch v. United States*, 857 F.3d 267, 274 (5th Cir. 2017).

**4.10**  "The relationship between the need and the amount of force used" must be considered and assessed by the officers using force to "effectuate [a] subject's compliance."[5]

**4.11**  An officer using excessive force to arrest an arrestee who is not actively resisting arrest or poses a risk to the general public is a constitutional violation.[6]

**4.12**  Fifth Circuit case law establishes that the degree of force an officer can employ is reduced when an arrestee is not actively resisting arrest.[7]

**4.13**  **MS. SALAS** was not actively, passively, or otherwise resisting arrest when forcefully grabbed and handcuffed by Defendant **OFFICER CRUMP**.

**4.14**  In determining whether the officer's use of force was "objectively reasonable," courts utilize a three factor test outlined in the seminal Supreme Court case *Graham v. Connor:*

      a.  *Severity of the crime;*

      b.  *Immediate threat;* and

      c.  Whether the subject is *actively resisting* or *attempting to evade arrest by fleeing.*[8]

**4.15**  Analyses surrounding whether a particular use of force was objectively reasonable require "a careful balancing of the nature and quality of the intrusion on

---

[5] *Newman v. Guedry,* 703 F.3d 757, 763 (5th Cir. 2012) (quoting *Deville v. Marcantel,* 567 F.3d 156, 167 (5th Cir. 2009).
[6] *Darden v. City of Fort Worth, Texas,* 880 F.3d 722, at 731 (5th Cir.), *cert. denied sub nom. City of Fort Worth, Tex. v. Darden,* 139 S. Ct. 69, 202 L.Ed. 2d 23 (2018).
[7] *Id.*
[8] *Graham v. Connor,* 490 U.S. 386, 396 (1989).

the individual's…interests against the countervailing governmental interests at stake…[requiring] careful attention to the facts and circumstances of each particular case."[9]

**4.16**   "Reasonableness" is judged from the perspective of a *reasonable officer on the scene*, as opposed to with the "20/20 vision of hindsight."[10]

**4.17**   Under *Graham,* courts are charged to rely on what a "reasonable officer" would have perceived, irrespective as to whether the officer *actually* perceived it that way.[11]

4.18   As to the three elements of the *Graham* objective reasonableness test, none of the factors apply to Defendant **OFFICER CRUMP**'s contact with **MS. SALAS** because he had no legal justification at all for using force as set forth above.

**4.19**   The Fourth Amendment grants **MS. SALAS** the right to be "secure in [her] persons, houses, papers, and effects, against unreasonable searches and seizures."[12]

**4.20**   The Fourth Amendment grants **MS. SALAS** the right to be protected against the use of excessive force by law enforcement officers during arrests, searches, and other interactions with her.

**4.21**   **MS. SALAS** suffered physical injury, pain, and mental anguish as a direct result of the unlawful, unreasonable excessive force used against her and the unlawful, unreasonable, search and detention she was subjected to after the incident.

## COUNT TWO

---

[9] Seth Stoughton, et al., Evaluating Police Uses of Force (2020) (citing *Graham v. Connor*, at 396).
[10] *Ibid* (citing *Graham v. Connor*, at 396)(emphasis added).
[11] *Ibid* (citing *Graham v. Connor*, at 396).
[12] U.S. Const. amend. IV.

## FOURTH AMENDMENT § 1983 MONELL CLAIM AGAINST

## BEXAR COUNTY SHERIFF OFFICE

**4.22** Plaintiff incorporates by reference all of the foregoing and further alleges the following:

**4.23** The conduct of Defendant **OFFICER CRUMP** constituted unlawful, unreasonable force and an unlawful arrest and the failure to provide Ms. Salas with her Miranda warnings as constitutionally required.

**4.24** At all material times, Defendant **OFFICER CRUMP** acted under color of state law, as an agent of Bexar County Police Department.

**4.25** Defendant **OFFICER CRUMP** was acting within the course and scope of his duties as a Bexar County Police Department deputy when he brutally handled **MS. SALAS**. At all times relevant to this lawsuit, Defendant **OFFICER CRUMP** was clad in his Bexar County Sheriff's Office issued uniform.

**4.26** Defendant Bexar County Sheriff's Office is the policymaker for all matters related to the Bexar County Police Department.

**4.27** Consequently, Defendant Bexar County Sheriff's Office had or ratified the following policies, customs, and/or practices in place when Defendant **OFFICER CRUMP** attacked **MS. SALAS**:

    a. Hiring "rogue," unqualified peace officers, many of whom had previous misconduct in their backgrounds;

    b. Not requiring applicants to serve as deputies to submit a personal history statement (PHS);

c. Overlooking the misconduct in the backgrounds of applicants for Bexar County Sheriff's Office;

e. Using violent, nonlethal force to seize a person, even when that person is not an imminent threat;

g. Subjecting unarmed citizens to official oppression and assault;

i. Failing to require all peace officers go through the customary five to seven months' training before hitting the street on their own;

j. Failing to meaningfully discipline officers found to be using excessive force; and/or

k. Emboldening deputies to use force considerably more frequently than is necessary.

4.28   On information and belief, Defendant **OFFICER CRUMP** is a rogue police officer and Defendant **BEXAR COUNTY SHERIFF OFFICE**'s policies and/or practices were the moving forces behind **OFFICER CRUMP**'s decision to use force on **MS. SALAS**, in violation of her constitutional rights under the Fourth Amendment. Further, Officer Crump failed to give Ms. Salas her Miranda warnings as required by law.

4.29   By way of example only, given Defendant **BEXAR COUNTY SHERIFF OFFICE**'s widespread practice of refusing to discipline officers that use excessive force, **OFFICER CRUMP** and other similar situated officers, routinely use excessive force and other abusive practices against civilians as they know they will face no meaningful repercussions for their wrongful conduct.

**4.30** On information and belief, the **BEXAR COUNTY SHERIFF OFFICE** is deliberately indifferent to complaints of excessive force and failure to provide Miranda warnings and refuses to investigate the same and engages in the practice of condoning the wrongful conduct of their officers.

**4.31** Similarly, Defendant **BEXAR COUNTY SHERIFF OFFICE**'s failure to properly train and supervise its officers, including **OFFICER CRUMP** with respect to their duties as officers and the constitutionality of their actions amounts to deliberate indifference. The absence of training and the inadequacy with respect to **BEXAR COUNTY SHERIFF OFFICE**'s officers, including **OFFICER CRUMP**, was so obvious that it also constitutes an additional moving factor of **OFFICER CRUMP**'s wrongful conduct and violations Salas's constitutional rights as described herein.

4.32 On information and belief, the Bexar County Sheriff's Office consistently reviewed such uses of force and failure to provide Miranda warnings and found no issue with nearly all of them, rarely disciplining officers for using force or failure to give arrestees notice of their rights. Therefore, Defendant **BEXAR COUNTY SHERIFF OFFICE** approved and encouraged such conduct.

**4.33** On information and belief, Defendant **BEXAR COUNTY SHERIFF OFFICE**, violated **MS. SALAS'S** constitutional rights when it failed to supervise Defendant **OFFICER CRUMP** by encouraging the use of excessive force and failure to provide Miranda warnings to arrestees as required by Constitutional law; hiring him when he was unfit to be a peace officer; allowing him to serve as an FTO (field training

officer); and all of the other above listed policies, all of which coalesced to cause the divestiture of **MS. SALAS'S** constitutional rights.

**4.34** Defendant **BEXAR COUNTY SHERIFF OFFICE** was deliberately indifferent to the natural byproducts of these policies, practices, and/or customs, of which it was aware, authorized, ratified, accepted, exacerbated, and encouraged, instead of rectifying them and ensuring further civilians were not hurt by them.

**4.35** Defendant **BEXAR COUNTY SHERIFF OFFICE** was actually aware of facts from which any reasonable policymaker could draw the inference that a substantial risk of serious harm and violation of constitutional rights existed, and actually drew that inference.

4.36 Defendant **BEXAR COUNTY SHERIFF OFFICE** was aware of a great number of similar incidents occurring before **MS. SALAS'S** rough treatment, although it was clear that a constitutional violation was a very likely outcome of the ratification, adoption, and promotion of these policies.

**4.37** Defendant **BEXAR COUNTY SHERIFF OFFICE** staff knew or should have known that hiring "rogue," unqualified peace officers, encouraging uses of force, failing to discipline violent peace officers routinely involved in uses of force, and all the other aforementioned policies would cause other Bexar county Sheriff officers to routinely and continuously violate the constitutional rights of Bexar County residents and others with the unfortunate luck of crossing paths with Bexar county PD deputies.

**4.38** Each of the policies listed, supra, was actually known, constructively known, and/or ratified by Defendant **BEXAR COUNTY SHERIFF OFFICE** and its policymakers,

and were promulgated with deliberate indifference to **Ms. Salas's** rights under the United States Constitution and the rights of all others making contact with Bexar County Sheriff's Office deputies. The policymakers of Defendant **Bexar County Sheriff Office** knew that their deputies would continuously be put in situations wherein constitutional violations like those aforementioned in this complaint would occur. These policies made it highly likely that such constitutional violations as those previously described would occur, under color of state law.

**4.38** All previously mentioned policies were a moving force of **Ms. Salas's** constitutional deprivations and injuries, causing her to experience physical and mental injury and suffer damages.

## V. Qualified Immunity under § 1983

**5.1** Bexar County Sheriff's Office employees may be entitled to qualified immunity as to their individual liability. That immunity is waived, however, upon a showing by the Plaintiff that:

   a. The individual's acts deprived the party of constitutional rights under color of law;

   b. The deprived rights were clearly established, constitutional rights in existence at the time of the acts complained of; and

   c. Such acts were not objectively reasonable under the circumstances, that is, no rea sonable official could have believed at the time that the conduct was lawful.

**5.2** Defendant **OFFICER CRUMP** acting under color of state law, enforcing the policies, customs, and/or practices of the Bexar County Sheriff's Office, deprived **MS. SALAS** of her civil liberties, without due process of law, by using force on her unlawfully and unreasonably and unlawfully detaining her and failing to provide Ms. Salas her constitutional warnings under *Miranda*.

**5.3** No reasonable official could have believed that using force on Ms. Salas was lawful, let alone humane or remotely appropriate.

**5.4** The acts of Defendant **OFFICER CRUMP** were unreasonable under the circumstances when viewed objectively.

**5.5** Defendant **OFFICER CRUMP** was deliberately indifferent to the excessive risk of harm to Ms. Salas in the actions he took. Such acts deprived **MS. SALAS** of and violated her clearly established constitutional rights and were not objectively reasonable.

**5.6** The acts of Defendant **OFFICER CRUMP** clearly violated established rights under the Constitution and statutes. A reasonable person would have known that **MS. SALAS'S** constitutional rights of protection against unreasonable searches and seizures were enshrined by the Fourth Amendment to the Constitution and that his actions were violative of such rights. Further, that Ms. Salas had a right to be advised of those Constitutional rights. The acts of Defendant **OFFICER CRUMP** were salient in their wrongness and grossly offensive. Only an officer violating the law or who is plainly incompetent would perform such an act of search and seizure without probable cause, unnecessary force in the arrest, and failing ot warn Ms. Salas of her

rights under the Constitution. Thus, Defendant is liable to Plaintiff for the damages caused by his actions, which were the direct and proximate causes, in each count alleged above respectively, of **MS. SALAS'S** injuries.

## V.   REQUEST FOR JURY TRIAL

**5.1**   Plaintiff demands that this case and all of its issues so triable be decided by a jury as allowed by the Seventh (7th) Amendment to the United States Constitution and further enshrined in law by Rule 38 of the Federal Rules of Civil Procedure. Plaintiff acknowledges any applicable payment of the required jury fee.

## VI.   PRESERVATION OF EVIDENCE/SPOLIATION NOTICE

**6.1**   Plaintiff hereby requests and demands that Defendants preserve and maintain all evidence pertaining to any claim or defense related to the incident made the basis of this lawsuit, or the damages resulting therefrom, including contracts, lists of donors, emails, minutes of meetings, memoranda, correspondence, financial records, diagrams, maps, photographs, videotapes, audiotapes, recordings, invoices, checks, files, facsimiles, voicemails, text messages, calendar entries, log books, or information related to the reference claim. Failure to maintain such items shall constitute a "spoliation" of the evidence.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully requests that Defendant be cited to appear and answer, and on final trial hereafter, the Plaintiff have judgement against Defendant jointly and severally, in an amount within the jurisdictional limits of this Court, together with all pre-judgment and post-judgment interest allowed by law, costs of Court, and for such other further relief to which

Plaintiff may be justly entitled by law and equity, including but not limited to:

1. Physical pain sustained in the past;
2. Mental anguish sustained in the past;
3. Physical pain that, in reasonable probability, Plaintiff will sustain in the future;
4. Mental anguish that, in reasonable probability, Plaintiff will sustain in the future;
5. Exemplary damages.

**RESPECTFULLY SUBMITTED,**

**DESOUZA INJURY LAWYERS**
4047 NACO PERRIN BLVD. SUITE 100
SAN ANTONIO, TEXAS 78230
210/ 714-4215 – PHONE
210/496-0060 – FACSIMILE

**BY:** ***/S/ Jason F. DeSouza***
JASON F. DESOUZA
STATE BAR NO.: 24073255
jason@jfdlawfirm.com

*ATTORNEYS FOR PLAINTIFF*